**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 03-20121-CM** |
| **JERRY LEE DIXON,** ) | |
| ) | |
| **Defendant,** ) | |
| ) | |
| **and** ) | |
| ) | |
| **HEARST SERVICE CENTER,** ) | |
| ) | |
| **Garnishee-defendant.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

On October 20, 2003, defendant Jerry Dixon pleaded guilty to two counts of wire fraud. He was sentenced to thirty-seven months imprisonment and required to pay $1,584,456.34 in restitution. This matter is currently before the court on the government's Application for Writ of Continuing Garnishment (Doc. 12) and defendant's Objection to Answer of Garnishee and Request for Hearing (Doc. 19). The court has reviewed the record and determined that a hearing is not necessary.

On March 10, 2004, the United States filed a Writ of Continuing Garnishment pursuant to the Federal Debt Collection Procedures Act (FDCPA), 28 U.S.C. § 3205. In its Answer, the garnishee, Hearst Service Center, stated that it had control of two tax-qualified retirement plans belonging to Mr. Dixon: (1) a 401(k) Hearst-Argyle Employment Savings Plan ("the 401(k) Savings Plan") with a balance of $102,904.52 and (2) a Hearst-Argyle Television, Inc. Plan ("the Television Plan"), which has no stated principle value, but is scheduled to make monthly payments of $2,188.04

beginning on November 1, 2016.  The Television Plan is currently set up as a life annuity with a determinable survivor annuity provision.

Defendant argues that these plans cannot be garnished for three reasons: (1) the anti-alienation provisions contained in the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1056(d)(1), and the Internal Revenue Code, 26 U.S.C. § 401(a)(13), prohibit levy of the funds; (2) the Television Plan is not yet vested and is therefore not ripe; and (3) if ripe, the Television Plan is exempt from levy under 26 U.S.C. § 6334(d).  Defendant also argues that the government cannot garnish the full value of the 401(k) Savings Plan if liquidation of the account will cause defendant additional tax liability or penalties.

The court first addresses the application of the anti-alienation provisions.  29 U.S.C. § 1056(d)(1) states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated."  26 U.S.C. § 401(a)(13) requires that to be a qualified plan, the benefits may not be assigned or alienated.  As defendant recognizes, this court has held that "the general anti-alienation protection accorded qualified plans under the tax code and ERISA does not insulate such plans from execution for unpaid criminal fines" and restitution.  *U.S. v. Garcia*, No. 96-10049-01-JTM, 2003 WL 22594362, at *3 (D. Kan. Nov. 6, 2003) (recognizing that 18 U.S.C. § 3613 sets forth the property exempt from levy for restitution payments and does not exempt ERISA pension plans); *see also United States v. Tyson,* 242 F. Supp. 2d 469, 473 (E.D. Mich. 2003) ("all three statutes—ERISA, FDCPA, and the Internal Revenue Code—are in perfect harmony as to the ability of the government to garnish a qualified pension plan in order to enforce either a federal income tax liability or a criminal restitution order.").  But defendant argues that his Television Plan

is different in nature than the plan in *Garcia*[1] because it is premised on a life annuity with survivor provisions. Defendant cites no authority for his position, and the court, after extensive research, has found none. Additionally, the record indicates that such an election has not been made, and that the account is solely owned by defendant. At this time, no one else has rights to the plan. The court concludes that the future possibility of a survivor annuity election does not make defendant's Television Plan exempt from levy for purposes of restitution. 18 U.S.C. § 3613.

Next, the court considers defendant's argument that the Television Plan is not ripe for garnishment because it is not fully vested. Defendant once again cites no authority for his position, and the court has found none. As explained above, qualified plans are not exempt from levy for restitution. The fact that the plan is not vested has no bearing on whether it is exempt. Additionally, the FDCPA allows the government to garninsh future interest, vested or contingent. 28 U.S.C. §§ 3002(12) and 3205.

Defendant next argues that the Television Plan should be considered "income and wages," and thus exempt under 26 U.S.C. § 6334(d), because defendant will be dependant upon the proceeds to meet his financial obligations once he is released from prison. Defendant does not support his position with caselaw, and the court finds it unpersuasive.

Finally, defendant argues the garnishment of his 401(k) Savings Plan should be limited if income tax or penalties apply. 18 U.S.C. § 3613 allows the government to enforce restitution "in accordance with the practices and procedures for the enforcement of a civil judgment under Federal law or State law." 18 U.S.C. § 3613(a). Federal law places various restrictions on the type and

---

[1] Although defendant argues that "these accounts" are not subject to garnishment, he does not distinguish his 401(k) Savings Plan account from the account in *Garcia,* and nothing in the record demonstrates a material distinction. Additionally, such accounts are not exempt from levy under 18 U.S.C. § 3613.

amount of properties that can be garnished. *See, e.g.*, 15 U.S.C. § 1673 and 18 U.S.C. § 3613. But the court has not found any law that prohibits the garnishment of 401(k) plans or that limits the amount garnished based on penalties or tax liabilities, and the parties have cited to none. Therefore, the court finds that the 401(k) Savings Plan may be garnished without consideration of tax liabilities or penalties.

After reviewing the record, the court overrules defendant's objections and grants the government's application for writ of garnishment.

**IT IS THEREFORE ORDERED** that the government's Application for Writ of Continuing Garnishment (Doc. 12) is granted.

**IT IS FURTHER ORDERED** that defendant's Objection to Answer of Garnishee and Request for Hearing (Doc. 19) is overruled.

Dated this 18th day of January 2007, at Kansas City, Kansas.

**s/ Carlos Murguia**
**CARLOS MURGUIA**
**United States District Judge**